**RULING OF THE DEPARTMENT OF LABOR HELD INVALID.**

Common Pleas Court of Cuyahoga County.

IN RE APPLICATION OF JAMES SAJO, TO REQUIRE THE CLERK OF COURT TO FILE AND RECEIVE DECLARATION OF INTENTION.

Decided, December 18, 1924.

*Naturalization—Alien may not be Compelled to Obtain Certificate of Arrival before Receiving his First Papers—Government cannot Use Naturalization as an Aid to Enforcement of the Imigration Law—New Rule not Necessary or Fair.*

1. The ruling of the Department of Labor, of August 1, 1924, requiring an alien to obtain a certificate of arrival before issuance of his first papers instead of before filing a petition two years later, is in direct conflict with the naturalization law itself, which it has been repeatedly held must be strictly construed and which specifically provides the manner and only manner of procedure.   It also disregards the fact that an alien who applies for a declaration of intention is presumed to be legally resident in this country and may demand the declaration as a matter of right.

2. Moreover the claim of the government that the issuance of the new rule was due to a beneficient and humane motive is deprived of force when it is conceded that, instead of hastening the proceeding, the applicant is usually compelled to wait many months for a response to his application.

3. And further, the claim that proof of illegality of entrance would work great hardship to the applicant, since it would be tantamount under the recent immigration law to deportation, is not applicable by reason of the unfairness and illegality of an attempt to enforce the immigration law by resort to the naturalization act.

McMAHON, J.

This matter is presented to the court upon an application of an alien, one James Sajo, to require the clerk of this court to receive and file his declaration of intention to become a citizen (what is commonly called and known as filing his first papers) when the Government opposes filing on account of the ruling of the Department of Labor under letter of August 1st, 1924, re-

quiring the alien to obtain a certificate of arrival before any issuance of first papers.

Aside from the question of the necessity and fairness of of the rule upon which the court has been impelled to render a decision in this case, there is another consideration which would fully justify the court in granting the motion of the petitioner. The very rule is in direct conflict with the naturalization law itself, and it has been repeatedly held by a long line of court decisions that the naturalization law must be strictly construed. What may be designated as the preamble of the whole procedure as. required by the act of June 29th, 1906, pertaining to naturalization laws and regulations is found in Section 4 of that act of Congress.

"An alien may be admitted to become a citizen of the United States in the following manner and not otherwise."

The manner prescribed among other things, first, requires that the alien makes a declaration of intention to become a citizen before a clerk of court having jurisdiction. Second, that not less than two years nor more than seven years after he has made such declaration, he shall make and file a petition furnishing at the time such further information as the law specifically requires. Third, that at the time of filing his petition, there shall be filed with the clerk of courts a certificate from the Department of Labor if the petitioner arrived in the United States after the passage of this act, stating the date, place, and manner of his arrival in the United States.

Without going further into the description of the procedure as required by the act, the court is of the opinion that the ruling of the department requiring the alien to obtain a certificate of arrival before the issuance of a first paper, and not before the time for filing a petition (at least two years as the law requires), is in direct conflict with the act, and changes the manner and the only manner of procedure permitted. As to the fairness of the rule, the court holds that an alien who applies for a declaration of intention is presumed to be legally resident in the county and may demand such a declaration as a matter of right.

Comparatively few persons enter the country illegally, and it would be the height of injustice to bar thousands who have the right to make such applications upon a presumption that legality of entrance must be established for all because a few may have entered the country illegally. The court finds, from the hearing, that the precise question at issue has been brought up in another jurisdiction, the United States District Court sitting at San Francisco, California, and that the decision rendered there accords fully with the view of the court in this case, namely, that a declaration of intention is, to all intents and purposes, a first pleading and the naturalization department has plenty of time to decide whether the applicant is legally here before the final papers are secured.

This court is well aware of the powers reposed in the Secretary of Labor for making resonable rulings. Section 28 of the naturalization act grants him the power to make such rules and regulations as may be necessary for properly carrying into execution the various provisions of the naturalization act, but the present ruling falls wholly without the limitations here prescribed.

The court can not consider with seriousness the point advanced by the government at the hearing with respect to the humane and beneficent motives which may have actuated the department as a logical reason for issuing the rule, especially when it is conceded that an applicant is usually compelled to wait months for a response to his application.

The court believes further that the contention of the government, that proof of illegality of entrance is tantamount under the recent immigration law to deportation, is not applicable to the question at issue. If the department is seeking to enforce the immigration laws through the naturalization act, under which the court fails to find a single word bearing upon that question, the unfairness and illegality of the rule is manifestly all the more apparent.

It is the order of the court that the clerk of the court shall hereafter receive all declarations of intention unless he is in possession of positive knowledge that the applicant illegally entered this country.